```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA


MICHAEL and MARY MCGOLDRICK,      :
                                  :
           Plaintiffs,            :    CIVIL ACTION
                                  :
    v.                            :    No. 07-cv-2667
                                  :
TRUEPOSITION, INC., et al.        :
                                  :
           Defendants.            :
```

**MEMORANDUM and ORDER**

Joyner, J.                                    October 14, 2008

Background

Plaintiffs, Michael and Mary McGoldrick ("the McGoldricks"), filed a Complaint in this matter on June 26, 2007, against Mr. McGoldrick's former employer, TruePosition, Inc., et al. ("TruePosition"). During Mr. McGoldrick's deposition on June 11, 2007, Mr. McGoldrick referred to a 23-page memorandum that he had written soon after his termination from TruePosition. TruePosition then requested the disclosure of this document; however, plaintiffs have claimed that the memo is protected by attorney-client privilege and, as such, is not discoverable by TruePosition.  Mr. McGoldrick contends that he wrote the 23-page document at the direction of his son, an attorney, in direct efforts to find an attorney who might take his case and sent the document to his attorney-son for this assistance.  Mr. McGoldrick

1

claims that no other party, save his present attorneys and this Court, have read the full document.  Defendant alleges that the document is not protected by the privilege and, even if it were, that plaintiff has waived the privilege by using it to refresh recollection prior to his deposition and by providing selected excerpts of it to defendants.

## DISCUSSION

For the purposes of this motion only, both parties have accepted that Pennsylvania law applies to the controversy, as this case involves claims in diversity.[1]  Hence, this Court will apply Pennsylvania law concerning privilege.

The Pennsylvania attorney-client rule is codified in 42 Pa. Const. Stat. Ann § 5928: "In a civil matter counsel shall not be competent or permitted to testify to confidential communications made to him by his client, nor shall the client be compelled to disclose the same, unless in either case this privilege is waived upon trial by the client."  This rule is commonly held to be composed of four elements:

---

[1] Under Federal Rule of Evidence 501, "in civil actions and proceedings, with respect to an element of a claim of defense as to which State law supplies the rule of decision, the privilege . . . shall be determined in accordance with State law."  Defendant does not concede that Pennsylvania law applies, but "accepts, for the purposes of argument only, the proposition that Pennsylvania privilege law applies." Def. Letter Fn. 1.  Hence, this Court will analyze the issue of privilege under Pennsylvania law, as it argued by both parties.

2

> (1) the asserted holder of the privilege is or sought to become a client;
> (2) the person to whom the communication was made (a) is a member of the bar of a court, or his or her subordinate, and (b) in connection with this communication is acting as a lawyer;
> (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion of law or (ii) legal services or (iii) assistance in some legal proceeding, and (d) not for the purpose of committing a crime or tort; and
> (4) the privilege has been (a) claimed and (b) not waived by the client.

Rhone-Poulenc Rorer, Inc. v. Home Indemnity Co., 32 F.3d 851, 862 (3d Cir. 1994).

Attorney-client privilege then involves a two-part inquiry into whether the privilege applies and, if so, whether it has been waived.  Nationwide Mut. Ins. Co. v. Fleming, 924 A.2d 1259, 1266 (Pa. Super. 2007).  As to the first prong of the analysis, little case law exists on whether attorney-client privilege covers interactions before a formal attorney-client relationship. Commonwealth of Pennsylvania v. Mrozek, 657 A.2d 997, 999 (Pa. Super. 1995).  However, arguably, plaintiff sought to be a client by preparing this document explicitly for litigation, communicated it to a member of the bar, and asked for professional assistance in finding an attorney to take his case, theoretically meeting the first three prongs of the definition. See Id. at 999-1000 (holding that initial communications, without a formal attorney-client relationship, can be covered by the privilege); Constand v. Cosby, 232 F.R.D. 494 (E.D. Pa. 2006)

3

(holding that a communications made by a plaintiff calling to speak to an attorney, without formal plans to hire that attorney in particular, can be covered by the privilege).  However, even if this Court were to decide that the memo was originally protected by the privilege, we find that by intentionally divulging part of the document to opposing counsel, plaintiff has waived any possible privilege.

As recently held, "[s]ubject matter waiver of attorney-client privilege is based on considerations of fairness, which preclude a party from disclosing only those privileged materials that support its position, while simultaneously concealing as privileged those materials that are unfavorable to its position." Nationwide, 924 at 1265 (citing Katz v. AT&T Corp., 191 F.R.D. 433, 439 (E.D. Pa. 2000)).  "Where one party attempts to utilize the privilege as an offensive weapon, selectively disclosing communications in order to help its case, that party should be deemed to have waived the protection otherwise afforded it by the privilege it misused." Murray v. Gemplus Int'l, S.A., 217 F.R.D. 362, 367 (E.D. Pa. 2003).  Plaintiffs, in this instance, have turned over pages 17 – 22 of the memo in question and redacted the remainder. See Pl. Letter ("The actual documents . . . are . . . included in the enclosed Appendix, which we are supplying to Defendants); Pl. Appx., P-363-69.  As plaintiffs cannot pick and choose which pieces to intentionally divulge while claiming

privilege for the entire document, this Court holds that plaintiffs have waived any possible attorney-client privilege attached to the memo.[2]

Plaintiff is directed to disclose the document to defendants. An Order follows.

---

[2] This Court need not address the question of whether privilege was waived due to use of the document to refresh recollection prior to plaintiff's testimony, as we have found that the privilege was waived by the disclosure of select sections of the document.

```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA


MICHAEL and MARY MCGOLDRICK,       :
                                   :
              Plaintiffs,          :    CIVIL ACTION
                                   :
     v.                            :    No. 07-cv-2667
                                   :
TRUEPOSITION, INC., et al.         :
                                   :
              Defendants.          :
```

## ORDER

AND NOW, this  14TH  day of October, 2008, upon consideration of Plaintiff's Correspondence to this Court regarding Mr. McGoldrick's "23-page memorandum" and Defendant's response thereto, Plaintiffs shall provide the "23-page memorandum" to Defendants within fourteen (14) days of the issuance of this Order.

                                        BY THE COURT:


                                        S/J. CURTIS JOYNER
                                        J. CURTIS JOYNER, J.